IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

THE STATE OF ARIZONA,                )
                                     )          2 CA-CR 2004-0378-PR
                    Respondent,      )          DEPARTMENT A
                                     )
              v.                     )          O P I N I O N
                                     )
SAMUEL PHILLIP VIRAMONTES,           )
                                     )
                    Petitioner.      )
_____)

PETITION FOR REVIEW FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-67216

Honorable Michael Cruikshank, Judge

REVIEW GRANTED; RELIEF GRANTED

Wanda K. Day                                                          Tucson
                                                        Attorney for Petitioner

B R A M M E R, Judge.

¶1        Petitioner Samuel Viramontes challenges the trial court's dismissal of his

petition for post-conviction relief brought pursuant to Rule 32, Ariz. R. Crim. P., 17 A.R.S.

Because we find that the trial court erred when it granted the state's motion to dismiss the

petition as untimely, we vacate the dismissal and remand the case for further proceedings consistent with this opinion. *See State v. Watton*, 164 Ariz. 323, 793 P.2d 80 (1990).

¶2    After a jury trial, Viramontes was convicted of first-degree murder. On May 24, 2000, the trial court sentenced him to natural life in prison. We affirmed his conviction and sentence on appeal. *State v. Viramontes*, 200 Ariz. 452, 27 P.3d 809 (App. 2001). Viramontes petitioned the supreme court for review, and that court vacated our opinion and remanded the case to the trial court for resentencing on the ground that, regardless of whether the state seeks the death penalty, a trial court in a first-degree murder case should sentence the defendant pursuant to A.R.S. § 13-703 rather than A.R.S. § 13-702, which the trial court had applied in sentencing Viramontes. *State v. Viramontes*, 204 Ariz. 360, 64 P.3d 188 (2003). On August 11, 2003, the trial court sentenced Viramontes to life imprisonment with the possibility of parole after twenty-five years rather than the natural life sentence it had previously imposed. The state appealed, and we affirmed the sentence. *State v. Viramontes*, No. 2 CA-CR 2003-0265 (memorandum decision filed Nov. 4, 2004).

¶3    On August 27, 2003, Viramontes filed a notice of post-conviction relief and, later, a petition for post-conviction relief in which he challenged his conviction and sentence on the following grounds: the state had failed to disclose important information about its key witness, D., at Viramontes's trial; the prosecutor had misrepresented material information about D.; trial counsel had been ineffective; and there was newly discovered evidence that, had it been previously available, would have changed the verdict and sentence. In a detailed

2

minute entry, the trial court dismissed Viramontes's claims as untimely; the court later denied his motion for rehearing. Viramontes then filed this petition for review, in which he asks us to vacate his conviction and sentence and remand the case for a new trial, or, alternatively, to remand to permit him to pursue the merits of his Rule 32 claims.

## TIMELINESS OF RULE 32 PROCEEDING

**¶4** Viramontes contends the trial court abused its discretion in dismissing his petition as untimely under Rule 32.4(a), which, in pertinent part, permits a defendant to file a notice of post-conviction relief "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." He contends that the "later" date from which to measure the deadline for initiating the Rule 32 proceeding is the date he was resentenced, August 11, 2003, and that his notice of post-conviction relief, filed on August 27, 2003, was thus timely.

**¶5** After the jury found him guilty, Viramontes received only one sentence, which the supreme court vacated in its entirety. Thus, as Viramontes argues, once that sentence no longer existed, no sentencing date was available to be used to calculate the time for initiating a post-conviction proceeding. Viramontes thus filed his notice of post-conviction relief based upon the only date available, the date of his subsequent resentencing.

**¶6** Viramontes contends the trial court incorrectly relied on *State v. Rosales*, 205 Ariz. 86, 66 P.3d 1263 (App. 2003), for the proposition that claims of ineffective assistance of counsel on appeal and at resentencing are separate and distinct and that the time limit

3

governing each claim is likewise distinct. In its ruling, the trial court noted that all of Viramontes's post-conviction claims raise issues solely about his trial and not his resentencing. Relying on *Rosales*, the trial court thus concluded that Viramontes "could have commenced this proceeding in a timely fashion by filing his notice within ninety days of the date of his judgment and sentence on May 24, 2000, or within thirty days of the Supreme Court's mandate issued on February 5, 2003. Since [Viramontes] did not file his notice until August 27, 2003, it is untimely."

¶7        The key issue in *Rosales* was whether a defendant who had requested leave to file a delayed appeal pursuant to Rule 32.1(f) had waived all other potential claims under Rule 32.1, rendering them precluded. Reasoning that a request for a delayed appeal is not a substantive request for relief, we found that Rosales was not precluded from bringing a subsequent post-conviction proceeding after the conclusion of his delayed appeal. In *Rosales*, all of the convictions but only some of the sentences had been affirmed in the delayed appeal. The time period for initiating a post-conviction proceeding related to the appeal had thus started. In Rosales's notice of post-conviction relief, which the trial court had dismissed as premature, Rosales had sought relief based on the ineffective assistance of appellate counsel, who was also going to represent him at the upcoming resentencing. In that context, this court found that any potential claim of ineffective assistance of counsel at the resentencing would be independent of any claim of ineffective assistance of appellate counsel, the former to be initiated by filing a separate notice of post-conviction relief within

4

ninety days of the resentencing. We further found that the notice of post-conviction relief, filed within thirty days of the mandate on the appeal, was timely as to any claims of ineffective assistance of appellate counsel.

¶8 Although we can understand the trial court's reliance on *Rosales*, that case is readily distinguishable from this matter. In *Rosales*, we modified some of the petitioner's sentences and vacated the remaining sentences on appeal, remanding for resentencing only those sentences that we had vacated. In contrast, the supreme court vacated the only sentence Viramontes received. Therefore, once that sentence no longer existed, no entry of judgment or sentencing date remained from which to calculate the time for initiating the post-conviction proceeding. Viramontes's notice of post-conviction relief, filed sixteen days after he was resentenced, was thus timely. *See* Ariz. R. Crim. P. 32.4(a). For this reason, we conclude that the trial court erred by dismissing Viramontes's post-conviction claims as untimely without addressing them on the merits.

## NEWLY DISCOVERED EVIDENCE

¶9 Viramontes also contends that, even if his post-conviction notice was untimely, his claims are not subject to preclusion because the state's indictment for first-degree murder of its prime witness, D., was newly discovered evidence under Rule 32.1(e). *See* Ariz. R. Crim. P. 32.2(b). In light of our finding that Viramontes's Rule 32 claims were timely, and because the trial court will now address the post-conviction claims on the merits, we need not address the newly discovered evidence claim.

5

**CONCLUSION**

¶10 We conclude the trial court abused its discretion by dismissing Viramontes's Rule 32 petition as untimely on the ground that he was required to file his notice of post-conviction relief within ninety days of the date of his judgment of conviction and original sentence or within thirty days of the supreme court's mandate on its review of his appeal, rather than calculating the applicable time period from the resentencing. The notice of post-conviction relief, filed just sixteen days after the resentencing, was timely. Accordingly, we grant review and grant relief. We vacate the trial court's order dismissing the petition for post-conviction relief and remand this case to allow the trial court to rule on the issues presented in the petition for post-conviction relief.

_____
J. WILLIAM BRAMMER, JR., Judge

CONCURRING:

_____
JOSEPH W. HOWARD, Presiding Judge

_____
PETER J. ECKERSTROM, Judge