IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

|   |   |   |
|---|---|---|
| THE STATE OF ARIZONA, | ) | 2 CA-CR 2010-0392-PR |
|  | ) | DEPARTMENT A |
| Respondent, | ) |  |
|  | ) | O P I N I O N |
| v. | ) |  |
|  | ) |  |
| RICHARD MARTINEZ, | ) |  |
|  | ) |  |
| Petitioner. | ) |  |
|  | ) |  |

PETITION FOR REVIEW FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20080065

Honorable Howard Fell, Judge Pro Tempore

REVIEW GRANTED, RELIEF GRANTED IN PART, REMANDED

Richard Martinez                                                                                     Florence
                                                                                              In Propria Persona

H O W A R D, Chief Judge.

¶1        Petitioner Richard Martinez challenges the trial court's ruling on his petition for post-conviction relief, filed pursuant to Rule 32, Ariz. R. Crim. P. We grant review and, for the following reasons, conclude the court abused its discretion in finding Martinez's claim of ineffective assistance of Rule 32 counsel either precluded or premature. We therefore remand the case for further proceedings.

**Facts and Procedural Background**

¶2 After plea negotiations held on the day his trial was scheduled to begin, Martinez pleaded guilty to the indictment against him, including the state's "Allegation of Dangerous Nature of the Offenses Charged," and was convicted on four counts of armed robbery and seven counts of aggravated assault, all dangerous-nature offenses, and two counts of weapons misconduct. In an oral plea agreement announced in open court, the state agreed: (1) to dismiss its allegation of prior convictions; (2) to take no position at sentencing regarding the imposition of consecutive sentences; and (3) to dismiss another criminal case then pending against Martinez. The trial court sentenced him to presumptive terms of imprisonment, some concurrent and some consecutive, for a total of twenty-one years.

¶3 Martinez filed an of-right petition for post-conviction relief in which he challenged the state's re-submission of charges to the grand jury and also argued the state had breached its agreement to refrain from recommending the imposition of consecutive sentences. In that petition, he requested leave to withdraw from his plea agreement. The trial court rejected Martinez's claim of improper grand jury proceedings but agreed the state had breached the terms of his oral plea agreement. As relief for the state's breach, and to afford Martinez an opportunity to be sentenced with the benefit of the state's promise, the court directed that Martinez be resentenced by a different judge. In his petition for review, Martinez again sought leave to withdraw from his plea agreement. We granted review but denied further relief, concluding the resentencing ordered by the

court afforded appropriate relief for Martinez's claim. *State v. Martinez*, No. 2 CA-CR 2010-0066, ¶¶ 6, 9 (memorandum decision filed Aug. 17, 2010).

**¶4** Before resentencing, Martinez filed pro se a second petition for post-conviction relief, in which he again sought leave to withdraw from his plea agreement. In this petition, he maintained the state had breached other aspects of the oral plea agreement identified at his change-of-plea hearing. Specifically, he alleged the state had violated the spirit of its agreement to dismiss allegations of prior offenses because it relied on his prior convictions when it argued in favor of consecutive sentencing. He also maintained the state breached its agreement to dismiss the other pending charges. In addition, he contended his attorney failed to inform the trial court at his change-of-plea hearing of an insufficient basis to support his pleas of guilty to dangerous-nature armed robberies, aggravated assaults involving a deadly weapon, or prohibited possession of a firearm. Similarly, he argued the court deviated from his plea agreement by accepting his pleas of guilty to armed robberies committed with a deadly weapon when, absent consideration of the state's dangerous-nature allegations, the indictment charged the crimes had been committed "with a deadly weapon or a simulated deadly weapon." He also maintained the court erred in ordering him to pay restitution to a bank that was not named as a victim in the indictment, but instead employed the individual tellers who were named as victims. Finally, he alleged counsel in his Rule 32 of-right proceeding had been ineffective in failing to raise these claims. He requested leave to withdraw from his

3

plea agreement or, in the alternative, an evidentiary hearing "so the court can evaluate the firearm, and determine previous Rule 32 counsel's ineffectiveness."

**¶5**  In summarily denying Martinez's Rule 32 petition, the trial court wrote:

> [Martinez] is simply trying to get around the appellate court's ruling by filing a Rule 32 petition raising issues similar to those that he raised in his previous motion to withdraw from the plea agreement. As such, the matter of whether [he] may withdraw from the plea has been finally adjudicated on the merits [in his of-right Rule 32 proceeding] and is therefore precluded under Ariz. R. Evid. 32.2(a)(2). The petition is also not ripe under Ariz. R. Evid. 32.4(a) because [Martinez] has not yet been judged and sentenced.

This petition for review followed.

## Discussion

**¶6**  On review, Martinez argues the trial court erred in finding his claims have been adjudicated on the merits in his previous Rule 32 proceeding and therefore are precluded. He contends both "trial and [Rule 32] counsel were ineffective in their failure to raise" the "specific colorable claims" he asserted below. We review the court's summary denial of post-conviction relief for an abuse of discretion. *See State v. Bennett*, 213 Ariz. 562, ¶ 17, 146 P.3d 63, 67 (2006). But "the interpretation of rules is a question of law, which we review de novo." *State v. Petty*, 225 Ariz. 369, ¶ 7, 238 P.3d 637, 639 (App. 2010).

**Precluded Claims**

**¶7**  We agree with the trial court that Martinez is precluded from claiming the state breached its plea agreement by relying on his previous convictions when it argued in

4

support of consecutive sentences. This allegation was encompassed by his previous claim, raised by Rule 32 counsel in his of-right proceeding, that the state breached the plea agreement when it offered any argument on the issue of consecutive sentences, despite its promise to remain silent. The court granted Martinez relief in his of-right proceeding by ordering that he be resentenced by a different judge, and we approved that relief. *Martinez*, No. 2 CA-CR 2010-0066, ¶ 8. Thus, this claim is precluded because it has been adjudicated on the merits. *See* Ariz. R. Crim. P. 32.2(a)(2).

¶8 Furthermore, to the extent Martinez claims other errors occurred at his change-of-plea and sentencing hearings, including his allegation that trial counsel was ineffective in omitting material information when providing the factual bases for Martinez's guilty pleas, these claims are precluded. In addition to precluding claims that have been adjudicated, Rule 32.2(a) precludes claims that could have been raised in a previous proceeding, but were not. *See* Ariz. R. Crim. P. 32(a)(3) (precluding claims "waived at trial, on appeal, or in any previous collateral proceeding"). Because these claims were not raised in Martinez's of-right Rule 32 proceeding, they have been waived and therefore are precluded.

**Ineffective Assistance of Rule 32 Counsel**

¶9 In his petition below, Martinez alleged not only that errors occurred in his plea proceedings, but also maintained his Rule 32 counsel had been ineffective in failing to raise these errors in his of-right proceeding. Martinez is correct that this claim of ineffective assistance of Rule 32 counsel is not precluded. As we stated in *Petty*, a

"pleading defendant 'must be afforded an opportunity to assert a claim regarding the effectiveness of the attorney representing him [in] the first petition for post-conviction relief, . . . [and] the obvious method is by means of a second petition.'" 225 Ariz. 369, ¶ 9, 238 P.3d at 640, *quoting State v. Pruett*, 185 Ariz. 128, 131, 912 P.2d 1357, 1360 (App. 1995) (alterations in *Petty*). Martinez therefore is not precluded from claiming Rule 32 counsel was ineffective in failing to raise the alleged errors he identified in his petition below. *See id.*

¶10         We also conclude the trial court abused its discretion when it dismissed Martinez's claims on the alternative ground that his post-conviction relief proceeding was premature. Initially, we note Martinez's notice of post-conviction relief was filed timely. Pursuant to Rule 32.4(a), the notice of post-conviction relief in a pleading defendant's of-right proceeding "must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding." *See also Pruett*, 185 Ariz. at 131, 912 P.2d at 1360 (claim of ineffective assistance of of-right Rule 32 counsel timely if notice filed within thirty days of appellate court's mandate on first Rule 32 petition). Martinez complied with Rule 32.4(a) by filing his notice within thirty days of the issuance of our mandate in his of-right post-conviction proceeding.

¶11         The trial court appears to have decided Martinez's notice was premature because Martinez had not yet been resentenced. In the analogous case of *State v. Rosales*, 205 Ariz. 86, ¶ 8, 66 P.3d 1263, 1266 (App. 2003), the court had summarily

6

dismissed as premature a Rule 32 notice filed by a non-pleading defendant whose case had been remanded for resentencing after appeal, but who had not yet been resentenced. We found the dismissal an abuse of discretion, stating,

> The only possible way to raise [a claim of ineffective assistance of appellate counsel] would be by initiating Rule 32 proceedings by filing a notice within thirty days of the issuance of this court's mandate finalizing the appeal, pursuant to Rule 32.4(a), which petitioner did. Although petitioner might also have had a potential claim that [counsel] was ineffective in the resentencing, that would be a separate claim, independent of any claim of ineffective assistance of appellate counsel, which would have to be litigated in a different Rule 32 proceeding initiated by filing a separate notice of post-conviction relief within ninety days of the resentencing or, if petitioner has appealed from his resentencing, within thirty days of our mandate following the disposition of any such appeal.

*Id.*[1] In asserting ineffective assistance of his of-right Rule 32 counsel, Martinez argues counsel was deficient in presenting errors that allegedly had occurred at his change-of-

---

[1]Notwithstanding this language in *Rosales*, in *State v. Viramontes*, 211 Ariz. 115, ¶¶ 4, 6-8, 118 P.3d 630, 631-32 (App. 2005), we concluded a Rule 32 notice filed by a non-pleading defendant whose entire sentence had been vacated on appeal was not untimely when filed within thirty days after resentencing, relying on the timeliness requirement for non-pleading defendants found in Rule 32.4(a). *See* Ariz. R. Crim. P. 32.4(a) (notice for non-pleading defendants in non-capital cases "must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later" (emphasis added)). We need not decide whether the reasoning in *Viramontes* would apply equally to the rule's timeliness provision for pleading defendants; assuming, without deciding, that it does, nothing in *Viramontes* can be read to require a petitioner to delay a claim of ineffective assistance of appellate counsel—or, as here, of-right Rule 32 counsel—until after he has been resentenced on remand. *See Viramontes*, 211 Ariz. 115, ¶¶ 6-8, 118 P.3d at 631-32.

plea and initial sentencing hearings, and his assertion of that claim is neither untimely nor premature.

¶12 Because Martinez's claim of ineffective assistance of Rule 32 counsel was timely and not precluded, the trial court abused its discretion in failing to consider it. "A petition for post-conviction relief is addressed to the sound discretion of the trial court." *State v. Herrera*, 183 Ariz. 642, 647, 905 P.2d 1377, 1382 (App. 1995). Accordingly, we will not consider Martinez's claim in the first instance and express no opinion on the merits of his allegations or whether he has stated a colorable claim. *See* Ariz. R. Crim. P. 32.6(c) (summary disposition appropriate if, "[o]n reviewing the petition, response, reply, [and] files and records," court determines no non-precluded claim "presents a material issue of fact or law which would entitle the defendant to relief").[2]

**Conclusion**

¶13 Rule 32 is not entirely clear concerning when a pleading defendant is allowed or required to file his notice concerning ineffective assistance by of-right Rule 32 counsel. But nothing in Rule 32 prohibits Martinez from filing his notice raising ineffective assistance on his of-right petition after our mandate but before he is resentenced. All of the events necessary for the ineffective assistance claim have occurred. Martinez has sustained his burden of establishing the trial court abused its

---

[2]Although such determinations appropriately are made with the benefit of a response from the state and petitioner's reply, if any, the trial court issued its original ruling before the state's response was due. On remand, we expect the court to set filing deadlines consistent with Rule 32.6.

discretion in denying his claim of ineffective assistance of of-right Rule 32 counsel based on findings that the claim was precluded or premature.  Accordingly, we remand this case for further proceedings consistent with this decision.

/s/ _Joseph W. Howard_____
JOSEPH W. HOWARD, Chief Judge

CONCURRING:

/s/ _J. William Brammer, Jr._____
J. WILLIAM BRAMMER, JR., Presiding Judge


/s/ _Philip G. Espinosa_____
PHILIP G. ESPINOSA, Judge