NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ROBERT CLARK STUCK, *Petitioner*.

No. 1 CA-CR 13-0488 PRPC
FILED 3-26-2015

Petition for Review from the Superior Court in Maricopa County
No. CR0000-149451
The Honorable Karen A. Mullins, Judge

**REVIEW GRANTED; RELIEF GRANTED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Arthur G. Hazelton, Jr.
*Counsel for Respondent*

Robert Clark Stuck, Buckeye
*Petitioner*

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge John C. Gemmill and Judge Kenton D. Jones joined.

**K E S S L E R**, Judge:

¶1        Robert Clark Stuck petitions for review of the dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure 32.   Because the trial court erred in summarily dismissing the petition based on a finding that the claim was precluded, we grant review and relief and remand for further proceedings.

¶2        In 1985, a jury convicted Stuck of kidnapping, aggravated assault, and three counts of sexual assault.  The trial court sentenced Stuck to consecutive maximum aggravated prison terms totaling ninety-nine years.  We affirmed the convictions and sentences on direct appeal. *State v. Stuck*, 154 Ariz. 16, 739 P.2d 1333 (App. 1987).

¶3        On June 26, 2012, Stuck filed a notice of post-conviction relief indicating intent to raise a claim of ineffective assistance of counsel during plea negotiations.  Stuck stated in his notice that there had been a significant change in the law with respect to this type of claim, citing *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012).  Appointed counsel thereafter gave notice that after review of the record she could find no claims to raise in a Rule 32 proceeding.  Stuck then filed a *pro se* petition and supporting affidavit alleging a claim of ineffective assistance of counsel during plea negotiations.  Specifically, Stuck alleged that the State offered to permit him to plead guilty to one count of sexual assault and serve a flat-time prison term of twenty-one years in exchange for dismissal of the other four counts, and that his counsel's deficient performance in failing to advise him of the advantages of the plea agreement and the "improbability of acquittal" led him to make an uniformed decision to reject the plea offer and proceed to trial.  The trial court summarily dismissed the petition, ruling that the Supreme Court decisions cited by Stuck did not constitute a significant change in the law.  The court reasoned that *Strickland v. Washington*, 466 U.S. 668 (1984) and *Hill v. Lockhart*, 474 U.S. 52 (1985) both predated Stuck's sentencing and provided him with the legal authority to raise his ineffective assistance of counsel claim.  The court held that his claim was therefore precluded due to failure to raise it on direct appeal.

¶4            On review, Stuck argues that the trial court erred in ruling that his claim of ineffective assistance of counsel is precluded. We review the summary dismissal of a petition for post-conviction relief for abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17, 146 P.3d 63, 67 (2006).

¶5            The trial court abused its discretion in ruling that the claim of ineffective assistance alleged by Stuck was precluded due to his failure to raise it on direct appeal. Our supreme court has explained that the rule of waiver and preclusion applies to subsequent claims of ineffective assistance of counsel "where the ineffective assistance of counsel claims are raised, or could have been raised, *in a Rule 32 post-conviction relief proceeding*." *State v. Spreitz*, 202 Ariz. 1, 2, ¶ 4, 39 P.3d 525, 526 (2002). Arizona has never required that claims of ineffective assistance of counsel be raised on direct appeal to avoid preclusive effect. Indeed, resolving ineffective assistance claims through the Rule 32 process rather than direct appeal has long been encouraged in order to permit criminal defendants an opportunity to litigate the claims. *Id.* at 2-3, ¶¶ 6-9, 39 P.3d at 526-27. To clarify the issue and avoid any further confusion regarding preclusion of ineffective assistance claims on direct appeal, the court reiterated that the proper forum for ineffective assistance claims was Rule 32 proceedings and held that such claims would no longer be addressed in any fashion on direct appeal. *Id.* at 3, ¶ 9, 39 P.3d at 527.

¶6            The matter presently before this Court involves Stuck's first petition for post-conviction relief. Because Stuck was sentenced in 1985 and this is his first petition, the time limits for commencing a post-conviction relief proceeding that became effective on September 30, 1992, do not apply. *See Moreno v. Gonzales*, 192 Ariz. 131, 135, ¶ 22, 962 P.2d 205, 209 (1998) (citing 171 Ariz. XLIV (1992), an order amending Rule 32). Thus, no basis exists for dismissing the petition as either precluded or untimely.

¶7            In its response, the State argues that Stuck should be deemed to have waived his claim by waiting too long to assert it. Rule 32, however, does not provide for the summary dismissal of an otherwise timely claim based on the doctrine of laches and the State cites no authority that supports such a result.

¶8            The State also argues that Stuck failed to state a colorable claim of ineffective assistance of counsel. The trial court did not reach this issue due to its ruling that the claim was precluded. Given that the issue of whether a petition for post-conviction relief states a colorable claim is to some degree a discretionary decision for the trial court, *State v. D'Ambrosio*, 156 Ariz. 71, 73, 750 P.2d 14, 16 (1988), such a determination is more

appropriately made by the trial court in the first instance.  Thus, we leave that issue for the trial court on remand and express no opinion on the merits of Stuck's allegations or whether he has stated a colorable claim.  *See State v. Martinez*, 226 Ariz. 464, 467, ¶ 12, 250 P.3d 241, 244 (App. 2011).

**¶9**        For the reasons stated, we grant review and relief and remand for further proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama