NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

_____

STATE OF ARIZONA, *Respondent,*

*v.*

ALEX OSUNA, *Petitioner.*

Nos. 1 CA-CR 13-0340 PRPC
1 CA-CR 13-0350 PRPC (Cons.)
FILED 5-27-2016

_____

Appeal from the Superior Court in Yuma County
Nos. S1400CR200901226; S1400CR200901227
The Honorable Lisa W. Bleich, Judge *Pro Tempore*

**REVIEW GRANTED;**
**RELIEF GRANTED IN PART AND DENIED IN PART**

_____

COUNSEL

Yuma County Attorney's Office, Yuma
By Charles V. S. Platt
*Counsel for Respondent*

Sharmila Roy, Laveen
*Counsel for Petitioner*

---

## MEMORANDUM DECISION

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Lawrence F. Winthrop joined. Judge Jon W. Thompson concurred in part and dissented in part.

---

**H O W E**, Judge:

**¶1**         Petitioner Alex Osuna petitions this Court for review from the summary dismissal of two petitions for post-conviction relief he filed in two separate matters, which we have consolidated for review. For the following reasons, we grant review and grant relief in part and deny relief in part.

### FACTS AND PROCEDURAL HISTORY

**¶2**         In September 2009, a grand jury indicted Osuna on charges for separate events. First, the grand jurors indicted Osuna with one count of aggravated assault ("the assault case"). Second, the grand jurors indicted Osuna with one count of armed robbery, one count of attempted armed robbery, and two counts of aggravated assault ("the robbery case"). The trial court appointed counsel for Osuna.

**¶3**         The following month, the State and Osuna's counsel completed a mandatory prehearing conference pursuant to Arizona Rule of Criminal Procedure 16.4 for both cases. At the conference, the State extended a plea offer for the assault case by which Osuna would plead guilty to a modified charge of attempted aggravated assault, a class 5 non-dangerous, non-repetitive felony carrying a sentencing range of a minimum of 9 months to a maximum of 2 years. The State also extended a plea offer for the robbery case by which Osuna would plead guilty to a single charge of attempted armed robbery, a class 3 non-dangerous, non-repetitive felony in exchange for the dismissal of the other charges. This charge carried a sentencing range of a minimum of 2.5 years to a maximum of 7 years. The State specifically conditioned the plea offer for the robbery case on Osuna's acceptance of both plea offers. Osuna, however, was not present at the prehearing conference and the State did not present the offers directly to him. The State did not set an expiration date for either offer until February 2010, when it told Osuna's counsel that the plea offers would expire on March 5, 2010. Osuna's counsel informed Osuna of the offer in the assault case, but did not inform him of the expiration date. Osuna took no action

on the offers before March 5 and they consequently expired. Each case proceeded on track for trial.

¶4            In June 2010, Osuna met with his counsel to accept the plea offer in the assault case. At that time, counsel told Osuna that the State had also made a plea offer in the robbery case but that both offers had expired. Counsel also told Osuna that because the plea offer in the assault case had expired, he "had no choice but to go to trial." Osuna then wrote to the trial court stating that he had just received his first copy of the robbery case plea offer and asking the trial court "how to re-open the case and possibly re-instate the plea."

¶5            Before his trial in the assault case the following month, Osuna informed his counsel that two witnesses, X.P. and E.M., were willing to testify that Osuna did not commit the aggravated assault or subsequently flee from police. X.P. and E.M. also expressed their willingness to testify directly to Osuna's counsel. But counsel did not call either witness at trial. A jury ultimately convicted Osuna of aggravated assault, and the trial court sentenced Osuna to the minimum 5 years' imprisonment.

¶6            In September 2010, the State offered and Osuna accepted a second plea offer in the robbery case. The second offer required Osuna to plead guilty to one count of attempted armed robbery with one historical prior—the conviction from the assault case—a class 3 non-dangerous, repetitive felony. Although the offense carried a sentencing range of a minimum of 4.5 years to a maximum of 13 years, the agreement stipulated to a sentence of 5 years' imprisonment. The trial court accepted the plea agreement and the stipulated sentence. The trial court found remorse as a mitigating circumstance warranting a mitigated sentence of 5 years' imprisonment. The trial court ordered this sentence to run consecutively to Osuna's sentence for the assault case.

¶7            Osuna subsequently petitioned for post-conviction relief in both cases pursuant to Arizona Rule of Criminal Procedure 32.1(a), alleging that he received ineffective assistance of counsel because his trial counsel failed to timely tell him that the State had made an offer in the robbery case and failed to tell him of the expiration date for the pleas in both cases. Osuna also alleged that his counsel was ineffective by failing to call X.P. and E.M. to testify in the assault case. The trial court summarily dismissed the petitions for failure to state colorable claims, and Osuna timely petitioned for review.

**DISCUSSION**

¶8          Osuna argues that the trial court erred in summarily dismissing his petitions for post-conviction relief. We review the trial court's summary dismissal of the petitions for post-conviction relief for an abuse of discretion. *State v. Martinez*, 226 Ariz. 464, 466 ¶ 6, 250 P.3d 241, 243 (App. 2011). A defendant who presents a colorable claim of ineffective assistance of counsel is entitled to an evidentiary hearing. *State v. D'Ambrosio*, 156 Ariz. 71, 74, 750 P.2d 14, 17 (1988). A colorable claim in a petition for post-conviction relief is one that, if the allegations are true, might have changed the outcome. *State v. Runningeagle*, 176 Ariz. 59, 63, 859 P.2d 169, 173 (1993). To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Osuna has presented colorable claims of ineffective assistance of counsel regarding his counsel's failure to inform Osuna of the plea offers' expiration date and in failing to call witnesses to testify about the assault incident, but not for failing to call E.M. regarding Osuna's flight from police.

**1.   The Assault Case**

**1a. The Deadline to Accept the Plea Offer**

¶9          Osuna first argues that his trial counsel was ineffective by failing to tell him about the plea offer's expiration date. The rejection or lapse of a plea offer due to counsel's deficient performance is a cognizable claim of ineffective assistance of counsel. *Missouri v. Frye*, __ U.S. __, 132 S. Ct. 1399, 1409 (2012). To show prejudice from ineffective assistance of counsel where a plea offer has lapsed because of counsel's deficient performance, a defendant must show a reasonable probability that (1) he would have accepted the earlier plea offer had he received effective assistance and (2) "the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Frye*, __ U.S. at __, 132 S. Ct. at 1409. A reasonable probability is a probability sufficient to undermine the confidence in the outcome. *Strickland*, 466 U.S. at 694. This showing must not be "mere speculation." *State v. Rosario*, 195 Ariz. 264, 268 ¶ 23, 987 P.2d 226, 230 (App. 1999).

¶10          Osuna is entitled to an evidentiary hearing because he presented a colorable claim that counsel was ineffective in failing to inform him of the plea offer's expiration date. First, Osuna has alleged facts that would show that his counsel's performance fell below objectively

reasonable standards. He contends that although he knew of the plea offer in the assault case, counsel never informed him of its expiration date, and nothing in the record establishes that Osuna otherwise knew of it. If true, this would support a claim of ineffective assistance of counsel. Second, Osuna has alleged facts which would show that counsel's deficient performance may have prejudiced him because he contends that counsel told him that he had no choice but to proceed with trial because the plea offer had expired. The State's representations regarding the record to prove the contrary offer only speculation. While the State complains that Osuna asks only for reinstatement of the plea or a new trial, both are appropriate remedies when counsel's deficiency caused the rejection or lapse of a plea offer. *State v. Donald*, 198 Ariz. 406, 418 ¶ 45, 10 P.3d 1193, 1205 (App. 2000). Accordingly, Osuna has presented a colorable claim and we therefore grant relief on this issue. We express no opinion, however, on whether Osuna is ultimately entitled to relief or the form that relief might take.

### 1b. The Trial Witnesses

**¶11** Osuna also argues that counsel was ineffective by failing to call witnesses X.P. and E.M. to testify that he did not commit the aggravated assault. Osuna presented a colorable claim. Osuna's allegations, if true, may have changed the outcome of his trial. Osuna attached to his petition for post-conviction relief affidavits from both X.P. and E.M. containing the testimony they would have offered. *See State v. Borbon*, 146 Ariz. 392, 399, 706 P.2d 718, 725 (1985). Both individuals stated in those affidavits that Osuna was not the person who threw the object, that they provided this information to Osuna's counsel, and that they were willing to testify. Their testimony included exculpatory information that could have resulted in an acquittal had the jury chosen to believe X.P. or E.M. Failure to present this exculpatory information also falls below objectively reasonable standards.

**¶12** While the State argues that Osuna's counsel made a "tactical" decision not to call E.M. at trial, the State failed to ensure the transcripts it relies upon were made part of the record on review in either case before us. If we assume the State's quoted portions of the transcripts are correct, however, the discussion between Osuna's counsel and the trial court regarding E.M. serve only to further demonstrate that Osuna presented a colorable claim. Osuna complained during trial that his counsel would not call E.M. as well as other witnesses to testify. Counsel explained that he made a tactical decision not to call those witnesses, including E.M. When he explained his tactical decision regarding E.M., however, counsel stated that "up until maybe a day or so before trial started, [he] had no idea [E.M.] would be relevant to this case[]" and claimed that no one informed him that

E.M. had any relevant information. Counsel also stated that once he learned E.M. might have relevant information, it was too late to contact E.M. and too late to disclose E.M. to the State. Counsel further claimed that Osuna and his family informed counsel that E.M. would not be available for trial.[1] When the court asked Osuna to respond to counsel's representations, Osuna stated they were "false." Thus, Osuna presented a colorable claim, but we express no opinion on whether Osuna is ultimately entitled to relief.

¶13        Osuna further argues that his counsel was ineffective in failing to call E.M. to testify that he did not subsequently flee from police. But Osuna has not presented a colorable claim. On direct appeal, we found no error when the trial court held that E.M.'s testimony on this subject would have been cumulative. Because the testimony would have been cumulative, Osuna has failed to present a colorable claim that he suffered any prejudice and is not entitled to a hearing on this issue.

### 2. The Robbery Case

¶14        Osuna argues next that his trial counsel was ineffective by failing to inform him of the State's plea offer in the robbery case and its expiration date. Because he alleged facts that, if true, would support a colorable claim of ineffective assistance of counsel, Osuna is entitled to an evidentiary hearing. First, Osuna has alleged facts that would show that his counsel's performance fell below objectively reasonable standards. Osuna contends that his counsel never informed him of the plea offer or its expiration date, and nothing in the current record shows that counsel did inform him of the plea offer or its expiration date. Thus, if Osuna's contention is true, this fact would support a claim that his counsel's conduct was deficient. *See Frye*, __ U.S. at __, 132 S. Ct. at 1409 (providing that the rejection or lapse of a plea offer due to counsel's deficient performance is a cognizable claim of ineffective assistance of counsel); *Donald*, 198 Ariz. at 411 ¶ 9, 10 P.3d at 1198 (providing that defense counsel has a duty to communicate the terms and relative merits of a plea offer). Perhaps the evidence will show after a hearing that counsel did in fact advise Osuna of the plea offer and the deadline and that Osuna declined the offer or failed to timely act, but those are questions of fact for the trial court to resolve.

¶15        Second, Osuna has alleged facts that would show that counsel's deficient performance may have prejudiced him. Osuna's

---

[1]        Defense counsel never mentioned X.P. by name, and nothing in the State's representations of the record exists to establish that any witness counsel referred to was X.P.

contentions, if true, establish a reasonable probability that he would have accepted the first plea offer had he received effective assistance. Osuna contends that he approached counsel to accept the plea made in the assault case when he found out about the plea in the robbery case, showing a reasonable probability that Osuna would have also sought to accept the first robbery case plea at that time had he known of it. Moreover, Osuna's acceptance of a less favorable plea is evidence that he would have accepted the earlier, more favorable plea offer had he known of it. *See Frye*, __ U.S. at ___, 132 S. Ct. at 1411 (concluding that the appellate court did not err in finding that Frye's "acceptance of the less favorable plea offer indicated that he would have accepted the earlier (and more favorable) offer had he been apprised of it").

¶16        The State counters that Osuna's realization of the strength of the prosecution's case—namely, the State's allegation of an undesignated historical prior from May 2009—between the two plea offers is insufficient to show that Osuna would have accepted the first plea offer had he known of it. But here, Osuna has alleged the additional facts that he accepted a less favorable plea and sought to accept the plea in the assault case, which if true support a showing of prejudice. *See id.* (stating that, without further evidence, revelations about the strength of the prosecution's case may insufficiently show that a defendant would have accepted the earlier plea, but finding that pleading to a more serious charge could constitute further evidence). Thus, Osuna showed a reasonable probability that he would have accepted the first plea offer had he received effective assistance.

¶17        Osuna has also alleged facts which, if true, show a reasonable probability that the end result of the criminal process would have been more favorable by way of both a lesser charge and sentence had he received effective assistance. The State's first plea offer required Osuna to plead guilty to attempted armed robbery, a class 3 non-dangerous, non-repetitive felony. The sentencing range for that offense was a minimum of 2.5 years' to a maximum of 7 years' imprisonment. A.R.S. § 13–702(D). The second plea offer, however, was less favorable. Although the new offer kept the charge at a class 3 non-dangerous attempted armed robbery, it made the offense repetitive based on Osuna's conviction for aggravated assault, which increased the sentencing range to a minimum of 4.5 years' and a maximum of 13 years' imprisonment. A.R.S. § 13–703(I). Because Osuna pled guilty to a greater offense and was subject to a harsher sentencing range than he was subject to under the first plea offer, Osuna has alleged sufficient prejudice to warrant an evidentiary hearing if true. *See Frye*, 132 S. Ct. at 1409; *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376, 1385 (2012) (prejudice shown if "the conviction or sentence, or both, under the offer's

terms would have been less severe than under the judgment and sentence that in fact were imposed").

¶18        Although the State concedes that Osuna was faced with pleading guilty to a more serious offense under the second plea offer, the State argues that Osuna still cannot show prejudice because the sentence he actually received and stipulated to—a term of 5 years' imprisonment—was within the sentencing ranges of both non-repetitive and repetitive attempted armed robbery, and nothing shows that the trial court would have imposed a lesser sentence if Osuna had accepted the first plea offer. But the trial court made clear at sentencing that it found a mitigating circumstance—Osuna's remorse about committing the crime—and that a mitigated sentence was appropriate. The 5-year term of imprisonment was a slightly mitigated sentence because it was less than the presumptive term of 6.5 years' imprisonment. A.R.S. § 13–703(I). Thus, if the trial court were faced with the lower sentencing range of a non-repetitive offense—a minimum of 2.5 years' imprisonment, a presumptive term of 3.5 years' imprisonment, and a maximum sentence of 7 years' imprisonment, A.R.S. § 13–702(D)—its determination that a mitigated sentence was appropriate gives reason to believe it might have imposed less than the 5-year term of imprisonment had that been an option. This reason amounts to more than mere speculation and undermines the confidence of the outcome. *See Strickland*, 466 U.S. at 694 (A "reasonable probability" is "a probability sufficient to undermine the confidence in the outcome.").

¶19        The State counters that the trial court would have sentenced Osuna to an aggravated term under the first plea offer for the robbery case due to a May 2009 conviction. But the State did not inform the trial court or Osuna of its intent to prove that prior conviction in the robbery case until June 2010—three months after the plea offer expired. Accordingly, Osuna presented a colorable claim and is entitled to present that claim to the trial court.

## CONCLUSION

¶20        For the foregoing reasons—and without expressing any view on the merits of his underlying petitions for post-conviction relief—Osuna presented colorable claims that his trial counsel was ineffective in failing to inform him of the plea offer in the robbery case and the deadlines to accept the plea offers in both cases, and in failing to call X.P. or E.M. to testify about whether Osuna threw the object at the victim in the assault case. We grant review and relief on those claims and remand for proceedings consistent

with this decision. We grant review but deny relief on the remaining claims.[2]

_____

[2]      The Court has considered Osuna's motion for clarification of the order recalling mandate and agrees that the procedural history of these cases warrants clarification. Due to an administrative error, this Court issued separate identical decisions in both 1 CA-CR 13-0340 (Yuma case number CR200901226; the assault case) and 1 CA-CR 13-0350 (Yuma case number CR200901227; the robbery case), each decision addressing the claims in both cases. In 1 CA-CR 13-0340, the decision addressing the assault conviction, this Court granted review and granted relief. Neither party filed a motion for reconsideration or a petition for review, and after awaiting the time required by rule, this Court issued its mandate and returned the case to the superior court. Pursuant to this decision, the superior court held an evidentiary hearing on Osuna's ineffective assistance of counsel claims in 1 CA-CR 13-0340. However, in 1 CA-CR 13-0350, the decision addressing the robbery conviction, this Court granted review but denied relief.

     Osuna subsequently filed a motion for reconsideration in the robbery case. This Court ordered the State to file a response, and after considering the pleadings and upon discovering that we erroneously issued identical decisions in both cases, this Court issued an order on May 23, 2016, which in part recalled the mandate in 1 CA-CR 13-0340, and vacated the decisions in both cases to correct the administrative error.

     The Court's decision today does not alter or change in any way the decision originally issued in 1 CA-CR 13-0340. Neither party challenged that decision and therefore, in the interests of fairness and judicial economy, and pursuant to Arizona Rule of Criminal Procedure 31.20, we suspend the provisions of Arizona Rules of Criminal Procedure 31.18, 31.19 and 31.23, only with regard to the decision in 1 CA-CR 13-0340, the assault case. Rule 31.20 provides that this Court, on its own initiative, "may suspend the requirements of any section of Rule 31, and may substitute any other appropriate order of proceedings." Therefore, neither party is permitted to file a motion for reconsideration or petition for review relating to 1 CA-CR 13-0340, and the proceedings already conducted in the superior court relating to that case are valid and need not be repeated. Of course, either party may timely file a motion for reconsideration and/or petition for review of today's decision in 1 CA-CR 13-0350 before it is also returned to the superior court for proceedings consistent with this decision.

**T H O M P S O N**, Judge, concurring in part and dissenting in part:

**¶21** As to the assault case, I agree Osuna has made a colorable claim he may have been prejudiced by his attorney's handling of the state's plea offer. I do not intimate, however, that this claim upon further examination will be found to have merit. My comments as to Osuna's cavalier behavior in the robbery case will also illuminate my concerns as to his claims in the assault case.

**¶22** Osuna committed the offense(s) that resulted in his attempted armed robbery conviction on August 29, 2009 and was indicted on September 10, 2009. Numerous status conferences were continued with no real indication from the parties as to the prospect for trial. The state made a plea offer in October 2009. Osuna failed to appear for a scheduled court date and a warrant was issued for his arrest in June 2010. Although Osuna now claims he was unaware of a plea offer in the robbery case, in a letter he wrote to Judge Gould in July 2010, after he had been arrested on the bench warrant, he did not claim he was unaware of the plea offer, but only that the plea offer would expire. That is, almost eleven months after his crime, and ten months after his indictment, and after his re-arrest due to his failure to appear, Osuna professed surprise that his plea offer wasn't kept open. This in my view is not colorable.

**¶23** Further, because the sentence Osuna received was within the range allowed in the posited first plea agreement, whether he was prejudiced by his asserted lack of timely knowledge of the first offer is entirely speculative. That the sentence imposed was mitigated was due to a stipulation in the second, accepted, plea offer. The record, including Osuna's criminal history, reveals aggravators, including the commission of crimes while on probation and charges that were dismissed in the plea agreement, that could have caused any sentence under the first plea offer to have been increased even beyond the presumptive. Therefore, I would not grant relief as to the robbery case.

