NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOHN JAMES LOPATA, *Petitioner*.

No. 1 CA-CR 17-0571 PRPC
FILED 6-14-2018

Petition for Review from the Superior Court in Maricopa County
No. CR2013-104810-001
The Honorable Christine E. Mulleneaux, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF GRANTED; REMANDED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Respondent*

MayesTelles PLLC, Phoenix
By J. Blake Mayes
*Counsel for Petitioner*

---

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the court, in which Judge Kent E. Cattani and Judge Jennifer M. Perkins joined.

---

**J O H N S E N**, Judge:

**¶1**　　　　John James Lopata petitions for review of the superior court's dismissal of his petition for post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32.[1]  We have considered the petition for review and, for the reasons stated, grant review, vacate the dismissal of Lopata's petition and remand for further proceedings.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　A man left the keys to his pickup truck in the door of his apartment, and the keys went missing.  Several days later, he discovered Lopata sitting in his truck, attempting to start it with a key.  The man, who was with a friend in another truck, pulled up in front of Lopata.  When Lopata noticed them, he got out of the pickup, removed his bicycle from the truck's bed and tried to depart.  The man grabbed the bicycle's handlebars and detained Lopata until police arrived and arrested him.

**¶3**　　　　A jury found Lopata guilty of attempted theft of means of transportation, a Class 4 felony.  After a hearing on his prior felony convictions, the superior court sentenced him to 10 years' imprisonment.  This court affirmed his conviction and sentence.  *See State v. Lopata*, 1 CA-CR 14-0432, 2015 WL 4654718 (Ariz. App. Aug. 6, 2015) (mem. decision).

**¶4**　　　　After appointed counsel filed a notice of completion pursuant to Rule 32.4(d)(2)(A), Lopata timely filed a *pro se* petition for post-conviction relief, claiming ineffective assistance of counsel.  Lopata later filed a supplemental petition.  The next day, the State filed its response, and Lopata later filed a reply.  The superior court summarily dismissed Lopata's petition pursuant to Rule 32.6(d)(1).

**¶5**　　　　Lopata, now represented by counsel, timely sought review. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona

---

[1]　　　　Absent material revision after the date of an alleged offense, we cite a statute's or rule's current version.

Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2018) and 13-4239(C) and (G) (2018).

## DISCUSSION

**¶6**     We review the summary dismissal of a petition for post-conviction relief for abuse of discretion. *See State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006). The superior court abuses its discretion when it fails to consider the petitioner's argument. *See State v. Martinez*, 226 Ariz. 464, 467, ¶ 12 (App. 2011).

**¶7**     Lopata argues his trial attorney was ineffective because he relied entirely at trial on a defense that was legally defective. According to Lopata, his lawyer erroneously believed that Lopata could not be convicted of the crime of attempted theft of means of transportation under A.R.S. § 13-1814(A)(5) (2018) absent proof that the truck was stolen. *See State v. DiGiulio*, 172 Ariz. 156, 159 (App. 1992) (attempted trafficking in stolen property does not require proof property was stolen); *State v. Carner*, 25 Ariz. App. 156, 157 (1975) (defendant may be convicted of attempted receipt of stolen property when property is not in fact stolen); *State v. Vitale*, 23 Ariz. App. 37, 43-44 (1975) (same). Lopata asserts that, in reliance on that erroneous view of the law, his lawyer offered no evidence at trial, engaged in only minor cross examination of the prosecution witnesses, failed to make material objections, argued only his mistaken legal theory in closing (leaving the State's version of the case unchallenged) and did nothing otherwise to defend him.

**¶8**     In response to Lopata's petition for review, the State argues he failed to raise this claim in the superior court. But while Lopata's *pro se* petition may not be as articulate as the brief his current lawyer filed in support of his petition for review, it makes the same argument. Lopata alleged in his handwritten petition that, just before testimony in the trial was about to begin, his attorney "discovered" – mistakenly – that Lopata had been "mischarged." As a result, Lopata asserted, his attorney "deemed testimony, arguments, questions, and any presentation of reasonable doubt unnecessary." His lawyer's "conclusions," Lopata claimed, "completely neglected the attempt portion of [the] charge." The petition further claimed that because of his attorney's mistaken belief about the law, the attorney failed to move for acquittal under Rule 20, failed to move for a new trial under Rule 24.1, and failed to present an available defense. For example, Lopata asserted, his lawyer "was adamant" that Lopata testify at trial and Lopata planned to do so, until his lawyer abruptly decided otherwise, based on his mistaken view of the law. In his supplemental petition filed

in the superior court, Lopata recounted under oath his account of how he happened to be in the pickup trying to start it: He averred that G.B., an acquaintance of Lopata's girlfriend, asked him to help get G.B.'s truck running, and that after he agreed to help, G.B. gave him directions to the apartment complex where the truck was parked and handed him the keys to the truck. Lopata also averred that he had never visited the apartment complex before the day in question. Nevertheless, as Lopata argues, despite the victim's story that he had left the keys to the vehicle in the door of his apartment a few days before the day in question, Lopata's lawyer failed to point out the absence of any evidence that Lopata had ever visited the apartment complex before that day.

¶9             If a petition for post-conviction relief presents a colorable claim of ineffective assistance of counsel, the petitioner is entitled to a hearing on the claim. *See State v. D'Ambrosio*, 156 Ariz. 71, 74 (1988). "To be colorable, a claim has to have the appearance of validity, i.e., if the defendant's allegations are taken as true, would they change the verdict?" *State v. Adamson*, 136 Ariz. 250, 265 (1983) (quotation omitted); *see also State v. Febles*, 210 Ariz. 589, 595, ¶ 18 (App. 2005) ("A colorable claim of ineffective assistance of appellate counsel is a claim which, if true, might have changed the outcome."); *State v. Herrera*, 183 Ariz. 642, 647 (App. 1995) ("petitioner must offer evidence of a reasonable probability that but for counsel's unprofessional errors, the outcome . . . would have been different").

¶10             "Defense counsel's determinations of trial strategy, even if later proven unsuccessful, are not ineffective assistance of counsel." *State v. Valdez*, 160 Ariz. 9, 14 (1989). In this case, however, Lopata argues that his attorney's trial strategy was incorrect as a matter of law, based on an erroneous understanding of the elements of the crime with which Lopata was charged. If a lawyer is unreasonably mistaken about the law, the lawyer's performance may be found deficient, giving rise to a possible ineffective-assistance claim. *See State v. Speers*, 238 Ariz. 423, 428, ¶ 18 (App. 2015) (citing *State v. Lee*, 142 Ariz. 210, 218-19, (1984)); *see also Hinton v. Alabama*, 571 U.S. 263, ___, 134 S. Ct. 1081, 1089 (2014) (lawyer who made "inexcusable mistake of law" deemed ineffective).

¶11             In dismissing Lopata's PCR petition, the superior court stated that Lopata "alleges [in his petition] the case was mischarged." The court went on to state that because Lopata "failed to claim the case was mischarged at trial, on appeal, or in any previous collateral proceeding," the issue was precluded, and in any event, there was no evidence the case was mischarged.

¶12 The superior court's reasoning is inaccurate in two respects. First, Lopata did argue *at trial* that he had been mischarged, in that his lawyer argued that theft of means of transportation under A.R.S. § 13-1814(A)(5) requires proof the vehicle was, in fact, stolen, and the prosecution offered no such proof. As discussed above, the thrust of Lopata's petition was that his attorney made *only* that argument at trial, and did nothing else. And it was the *only* argument Lopata's appellate counsel made in his direct appeal. *See Lopata*, 2015 WL 4654718, at *1, ¶ 5.

¶13 Second, and more significantly, Lopata's petition for postconviction relief did not argue that he was mischarged. To the contrary, Lopata claimed his attorney mistakenly believed Lopata was mischarged, and then put all his eggs in that basket, foregoing any other effort to defend him at trial.

¶14 Because the superior court misunderstood Lopata's petition, it dismissed the petition without addressing Lopata's claims, and thereby abused its discretion. *See Martinez*, 226 Ariz. at 467, ¶ 12. We therefore vacate the dismissal and remand so that the superior court may consider, in the first instance, whether Lopata has stated a colorable claim. *See id.*; *Adamson*, 136 Ariz. at 265; *Hinton*, 134 S. Ct. at 1090 (remanding for reconsideration of defendant's ineffective-assistance claim when attorney had made inexcusable mistake of law).

## CONCLUSION

¶15 For the foregoing reasons, we accept review, vacate the superior court's dismissal of Lopata's Rule 32 petition for post-conviction relief and remand for proceedings consistent with this decision.

