912 P.2d 1357

**STATE of Arizona, Respondent,**

v.

**Jearld Albert PRUETT, Petitioner.**

**Nos. 1 CA–CR 95–0149–PR,
1 CA–CR 95–0304–PR.**

Court of Appeals of Arizona,
Division 1,
Department D.

Oct. 31, 1995.

Review Denied March 19, 1996.

---

Richard M. Romley, Maricopa County Attorney by Gerald R. Grant, Deputy County Attorney, Phoenix, for Respondent.

Jearld Albert Pruett, Florence, In Pro. Per.

## OPINION

EHRLICH, Judge.

Jearld Pruett petitions this court for review of the trial court's dismissal of his second notice of and petition for post-conviction relief and his third notice of post-conviction relief as untimely pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.4(a). We conclude that the trial court erred in dismissing Pruett's second petition for and third notice of post-conviction relief.

### FACTS AND PROCEDURAL HISTORY

On July 21, 1993, following Pruett's plea of no contest to one count of attempted child molestation in case number CR 91–07549, and pleas of guilty and no contest respectively to one count of attempted sexual conduct with a minor and one count of attempted sexual abuse in case number CR 91–03743, the trial court entered a judgment of guilt. It then sentenced Pruett to an aggravated 13–year prison term for attempted child molestation to be served consecutively to a 13–year aggravated sentence for attempted sexual conduct with a minor. The court suspended the imposition of sentence for the remaining conviction and placed Pruett on lifetime probation upon his release from prison.

In CR 91–03743, Pruett timely petitioned the trial court for post-conviction relief ("first

petition"), *see* Rule 32.4(a), alleging, *inter alia,* that his pleas were involuntary and that his superior court counsel was ineffective. Pruett was appointed counsel. *See* former Ariz.Rev.Stat.Ann. ("A.R.S.") § 13–4234(C); Rule 32.4(c). The court summarily dismissed the petition; this court affirmed. *State v. Pruett,* No. 1 CA–CR 94–0504–PR (Ariz.App. Dec. 13, 1994), memo. dec.

■ On January 27, 1995, three days prior to the issuance of this court's mandate, Pruett again petitioned the trial court for post-conviction relief ("second petition").[1] In the combined notice of and petition for post-conviction relief, Pruett alleged that his Rule 32 counsel was incompetent for having failed to raise numerous issues, which he listed.[2] Upon receipt of the notice and petition, the court, pursuant to Rule 32.4(a), dismissed it as untimely because more than 90 days had passed since Pruett had been sentenced. Pruett timely petitioned this court for review, challenging the trial court's dismissal.

During the pendency of his petition for review, on March 21, 1995, Pruett filed a third notice of post-conviction relief.[3] The trial court dismissed this notice too as untimely pursuant to Rule 32.4(a). Pruett then petitioned this court for review, challenging the trial court's action concerning his second petition for post-conviction relief. Pruett's second and third petitions for review have been consolidated.

## DISCUSSION

Pruett raises two interdependent issues: First, whether, in a non-capital case, a petitioner like Pruett, who has pleaded guilty or no contest and then has filed an initial petition for post-conviction relief, may file a second petition raising for the first time a claim of ineffectiveness regarding previous Rule 32 counsel.[4] Second, whether the 90–day time limit of Rule 32.4(a) applies to the second petition.

■ The right to the effective assistance of counsel arises from considerations of due process and equal protection. *See e.g., Evitts v. Lucey,* 469 U.S. 387, 393–94, 105 S.Ct. 830, 834–35, 83 L.Ed.2d 821 (1985); *Ross v. Moffitt,* 417 U.S. 600, 608–09, 94 S.Ct. 2437, 2442–43, 41 L.Ed.2d 341 (1974); *Douglas v. California,* 372 U.S. 353, 358, 83 S.Ct. 814, 817, 9 L.Ed.2d 811 (1963). However, it only "extends to the first appeal of right, and no further." *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987); *see also State v. Herrera,* 183 Ariz. 642, 645, 905 P.2d 1377, 1380 (App.1995). In Arizona, though, a defendant in a non-capital

---

1. Although Pruett designated CR 91–03743 as the cause number in the caption of his combined notice of and petition for post-conviction relief, he appears also to have included the conviction in CR 91–07549. For example, in the notice portion of the pleading, Pruett states that he was convicted of "sexual abuse" and "child molestation." Pruett was convicted of attempted sexual abuse in CR 91–03743 and attempted child molestation in CR 91–07549. Pruett did not mention his conviction for attempted sexual conduct with a minor, CR 91–03743. Pruett further indicates that he was sentenced to a term of 26 years, which would include the consecutive 13-year sentences for attempted child molestation in CR 91–07549 and attempted sexual conduct with a minor in CR 91–03743. In the exercise of our discretion, we will treat Pruett's second petition and the resulting petition for review as including all three convictions from both cause numbers.

2. We recognize that appellate counsel's waiver of other issues on appeal binds a defendant and that waived issues cannot be resurrected in a

subsequent post-conviction proceeding. *State v. Herrera,* 183 Ariz. 642, 647, 905 P.2d 1377, 1382 (App.1995), (citing *State v. Alford,* 157 Ariz. 101, 102–03, 754 P.2d 1376, 1377–78 (App.1988)). Nonetheless, Pruett was not afforded the opportunity to demonstrate to the trial court that his first Rule 32 counsel's "failure to raise additional issues fell below prevailing professional norms and would have changed the outcome of the appeal...." *Herrera,* 183 Ariz. at 647, 905 P.2d at 1382. This opinion is in no way a decision on the merits of Pruett's second petition, however.

3. For the reasons set forth in footnote 1, we also treat Pruett's third notice of post-conviction relief and subsequent petition for review as including all three convictions from both cause numbers.

4. As of July 18, 1995, the statutory right to appointed counsel for post-conviction-relief proceedings has been eliminated. *1995 Ariz.Sess. Laws ch. 198, § 5.*

case who pleads guilty or no contest waives his right to a direct appeal. *See* A.R.S. § 13–4033(B); Rules 17.1(e), 27.8(e). Rule 32 thus becomes "the only means available for exercising [his] constitutional right to appellate review." *Montgomery v. Sheldon,* 181 Ariz. 256, 258, 889 P.2d 614, 616 (1995). Therefore, a pleading defendant such as Pruett is constitutionally entitled to the effective assistance of counsel on his first petition for post-conviction relief, the counterpart of a direct appeal. *Cf. State v. Krum,* 903 P.2d 596, 599–601 (Ariz.1995) (those defendants who have a direct appeal have no constitutional right to effective counsel in a post-conviction-relief proceeding). A pleading defendant consequently must be afforded an opportunity to assert a claim regarding the effectiveness of the attorney representing him on the first petition for post-conviction relief, the equivalent of a challenge to the representation of counsel on direct appeal; the obvious method is by means of a second petition for post-conviction relief. *See id.* at 601–02 ("post-conviction proceedings generally provide a remedy only for constitutional errors involving the defendant's trial or direct appeal of right"). We now turn to whether, in the present matter, given the potential propriety of the issue raised, the trial court properly dismissed as untimely Pruett's second petition in which he challenged previous Rule 32 counsel's effectiveness.

Although Rule 32 permits the filing of successive petitions for post-conviction relief, from the language of Rule 32.4(a), it is not apparent as to when a second notice of post-conviction relief is due for claims regarding the effectiveness of previous Rule 32 counsel. That portion of Rule 32 requires only that "the notice [of post-conviction relief] must be filed within ninety days of the entry of judgment and sentence or within thirty days of the order and mandate affirming the judgment and sentence on direct appeal, whichever is the later." Rule 32.4(a).

In the present matter, the trial court determined that Pruett's second notice of post-conviction relief was due within 90 days of his sentencing date. However, other time limits of Rule 32 make the filing of a second petition an impossibility within this period. Using the maximum time limits allowed under Rule 32, but without considering delays caused by continuances, an evidentiary hearing, a motion for rehearing or a cross petition for review, it takes 185 days from the time a petitioner has filed his initial notice of post-conviction relief to the trial court's final disposition of the petition. The earliest that a petitioner could exercise his right to challenge the effectiveness of previous Rule 32 counsel in a second petition for post-conviction relief would be well beyond the alternative 90–day restriction of Rule 32.4(a). Thus, under the trial court's reading of Rule 32.4(a), pleading petitioners desiring to challenge the effectiveness of first Rule 32 counsel always would be foreclosed because they could not do so within 90 days.

■ In keeping with *Montgomery* 's analogy that a pleading defendant's first petition for post-conviction is *"the* appeal for a defendant pleading guilty," 182 Ariz. 118, 119, 893 P.2d 1281, 1282 (1995) (supp. op.) (emphasis original), *see also Montgomery,* 181 Ariz. at 258, 889 P.2d at 616, the resolution of the time-limit dilemma posed by Rule 32.4(a) is to treat a pleading defendant's first petition as a "direct appeal" for purposes of the time limits of Rule 32.4(a). Then a second notice of post-conviction relief for a claim of ineffectiveness of previous Rule 32 counsel is timely if filed within 30 days of the order and mandate affirming the trial court's denial of the petitioner's first petition for post-conviction relief. Pruett filed his second notice/petition within 30 days of this court's issuance of its mandate denying relief from the trial court's earlier denial of post-conviction relief. Accordingly, we grant Pruett relief from the trial court's dismissal of his second petition.

■ It similarly was error to have dismissed as untimely Pruett's third notice of post-conviction relief. While Rule 32.4(a) establishes the time limits within which a petitioner must file a notice of post-conviction relief, it also provides that a petitioner may

pursue, *at any time,* claims for relief based on Rule 32.1(d), (e), (f) and (g). Not until the subsequent petition, which must be filed 60 days from the appointment of counsel or, as in Pruett's case, from the filing of the notice of post-conviction relief or from the date the request for counsel is denied, must a petitioner identify his particular claims for relief. *See* Rules 32.4(c), 32.5.[5] In the present matter, the trial court dismissed the notice as untimely, thereby preventing Pruett from possibly raising a claim allowed by those four subsections of Rule 32.1. Accordingly, we grant Pruett relief from the trial court's premature dismissal of his third notice of post-conviction relief.

The matter is remanded to the trial court for proceedings consistent with this opinion, to consider the merits of Pruett's second petition for post-conviction relief and to allow him an opportunity to file a third petition for post-conviction relief.

LANKFORD and SULT, JJ., concur.

---

5. According to recent statutory modifications, a petitioner attempting to raise such claims in a successive or untimely petition must set forth in the notice of post-conviction relief the substance of the claim and the reason for not raising it in the previous petition or in a timely manner. 1995 Ariz.Sess.Laws ch. 198, § 4.