NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

STEVEN RUSSELL ANTROBUS, *Petitioner*.

No. 1 CA-CR 13-0641 PRPC
FILED 11-12-2015

Appeal from the Superior Court in Mohave County
No. CR2000-0891
The Honorable Steven F. Conn, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Office of the Mohave County Attorney, Kingman
By Matthew J. Smith
*Counsel for Respondent*

Steven Russell Antrobus, Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Maurice Portley joined.

---

**D O W N I E, Judge**:

**¶1**        Steven Russell Antrobus petitions for review from the dismissal of his notice of post-conviction relief. For the following reasons, we grant review but deny relief.[1]

**¶2**        Juries in three separate trials found Antrobus guilty of two counts of trafficking in stolen property, two counts of theft, and one count each of misconduct involving weapons, theft of a credit card, failure to appear, and resisting arrest. The trial court sentenced Antrobus to an aggregate term of forty-six years' imprisonment, and we affirmed the convictions and sentences on direct appeal. Antrobus now seeks review of the summary dismissal of his second post-conviction relief proceeding. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c) and Arizona Revised Statutes ("A.R.S.") section 13-4239(C).

**¶3**        Antrobus presents two claims of ineffective assistance of trial counsel. He argues trial counsel "FD" was ineffective because he failed to inform Antrobus of a plea offer that would have required 11.25 years' imprisonment. He argues other trial counsel, "EE," was ineffective because he failed to inform Antrobus of another plea offer until after trial began, and Antrobus could no longer accept that offer.

**¶4**        Antrobus argues these claims are timely because they are based on newly-discovered evidence. For a defendant to obtain post-conviction relief based on newly-discovered evidence:

> (1) [T]he evidence must appear on its face to have existed at the time of trial but be discovered after trial;

---

[1]        Although some of our analysis differs from the trial court's, we may affirm the decision of a trial court on any basis supported by the record. *State v. Robinson*, 153 Ariz. 191, 199 (1987).

(2) [T]he [petition] must allege facts from which the court could conclude the defendant was diligent in discovering the facts and bringing them to the court's attention;

(3) [T]he evidence must not simply be cumulative or impeaching;

(4) [T]he evidence must be relevant to the case;

(5) [T]he evidence must be such that it would likely have altered the verdict, finding, or sentence if known at the time of trial.

*State v. Bilke*, 162 Ariz. 51, 52-53 (1989).

¶5 Regarding FD, the "newly discovered evidence" consists of a handwritten message to FD that contains the State's plea offer and is dated November 1, 2000. Antrobus stated in his notice of post-conviction relief that this message was included in Antrobus' personal property that his wife obtained from the jail and/or in case documents his wife retrieved from storage. Therefore, Antrobus possessed this document years ago and offers no explanation for why he was purportedly unaware of a document he received and maintained in his own copies of case materials. Antrobus has failed to demonstrate that he did not know of this document until after trial or that he was diligent in discovering the existence of the document and bringing it to the court's attention.

¶6 Regarding the other plea offer, Antrobus concedes EE told him about the alleged offer during trial. Therefore, Antrobus could have presented this claim in his first petition for post-conviction relief in 2006. Any claim a defendant could have raised in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2(a); *see State v. Swoopes*, 216 Ariz. 390, 398, ¶ 23 (App. 2007) (ineffective assistance claims that could have been raised in prior Rule 32 proceedings are waived).[2] Antrobus' lack

---

[2] Antrobus argued below that his first post-conviction relief counsel was ineffective for failing to raise this issue, but he does not present that issue for our review. Further, ineffective assistance of post-conviction relief counsel is not a valid claim under Rule 32 unless made against counsel who provided representation in a petition for post-conviction relief "of-right." *State v. Pruett*, 185 Ariz. 128, 131 (App. 1995). Antrobus' first post-

of familiarity with the applicable law does not render this "newly discovered evidence" as defined by Arizona law. *See Delmastro & Eells v. Taco Bell Corp.*, 228 Ariz. 134, 143, ¶ 29 (App. 2011) ("all people of sound mind are presumed to know the law").

## CONCLUSION

**¶7**        For the foregoing reasons, we grant review but deny relief.



**Ruth A. Willingham** · **Clerk of the Court**
**F I L E D :** ama

---

conviction proceeding was not an "of-right" proceeding because it followed a trial and direct appeal.  Ariz. R. Crim. P. 32.1.