NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

KENNETH LESLIE JACKSON, *Petitioner.*

No. 1 CA-CR 14-0665 PRPC
FILED 9-27-2016

Petition for Review from the Superior Court in Maricopa County
No. CR2009-177562-001
The Honorable Michael W. Kemp, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Kenneth Leslie Jackson, San Luis
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Andrew W. Gould and Judge Patricia A. Orozco joined.

---

**S W A N N**, Judge:

**¶1**     Kenneth Leslie Jackson petitions this court for review from the dismissal of his untimely successive proceeding for post-conviction relief. Jackson contends that his counsel in his "of-right" post-conviction-relief proceeding was ineffective because he failed to raise an issue under *Miranda v. Arizona*, 384 U.S. 436 (1966).

**¶2**     We grant review, but we deny relief. Jackson could have raised his claim in a timely second post-conviction-relief proceeding.[1] *See* Ariz. R. Crim. P. 32.4(a). Further, Jackson's "of-right" counsel could not have raised a *Miranda* issue because a plea agreement waives all non-jurisdictional defenses, errors and defects, including deprivations of constitutional rights that occurred before the plea. *State v. Moreno*, 134 Ariz. 199, 200 (App. 1982); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[1]     A defendant is entitled to effective assistance of counsel in an "of-right" post-conviction-relief proceeding. *State v. Pruett*, 185 Ariz. 128, 131 (App. 1995).