NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

CHARITY MARIE HILL, *Petitioner.*

No. 1 CA-CR 14-0740 PRPC
FILED 11-22-2016

Petition for Review from the Superior Court in Maricopa County
No. CR2005-012984-002
The Honorable Margaret R. Mahoney, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Respondent*

Charity Marie Hill, Goodyear
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which
Presiding Judge Diane M. Johnsen and Judge Paul J. McMurdie joined.

**T H O M P S O N,** Judge:

**¶1**　　　　Petitioner Charity Marie Hill petitions this court for review from the summary dismissal of her successive notice of post-conviction relief. Hill argues each of her trial counsel were ineffective; her "of-right" post-conviction relief counsel was ineffective and that various errors arose in the course of sentencing. Hill also presents a number of issues she did not raise below.

**¶2**　　　　We deny review. Hill could have raised the claims of ineffective assistance of trial counsel and the sentencing issues in her petition for post-conviction relief of-right in 2012. She could have raised the claims of ineffective assistance of her of-right post-conviction relief counsel in a timely second petition for post-conviction relief.[1] Any claim a defendant could have raised in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2(a). None of the exceptions under Rule 32.2(b) apply. Finally, we do not consider the issues Hill presents for review but did not raise below. *State v. Ramirez*, 126 Ariz. 464, 467, 616 P.2d 924, 927 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

**¶3**　　　　We grant review, but deny relief.



---

[1]　　The trial court was incorrect when it held there is no right to effective assistance of post-conviction relief counsel. Ineffective assistance of post-conviction relief counsel is a cognizable claim for post-conviction relief when made against counsel who provided representation in an "of-right" post-conviction relief proceeding. *State v. Pruett*, 185 Ariz. 128, 131, 912 P.2d 1357, 1360 (App. 1995).