NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CARLOS GONZALEZ, *Petitioner*.

No. 1 CA-CR 14-0818 PRPC
FILED 12-15-2016

Petition for Review from the Superior Court in Maricopa County
Nos. CR2004-022884-001 DT
CR2004-133696-001 DT
The Honorable Margaret R. Mahoney, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Carlos Gonzalez, San Luis
*Petitioner Pro Se*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Chief Judge Michael J. Brown joined.

---

**D O W N I E**, Judge:

**¶1**        Carlos Gonzalez petitions for review from the summary dismissal of a consolidated petition for writ of habeas corpus — filed in two cases — that the superior court treated as a successive petition for post-conviction relief.  Gonzalez argues the court erred by treating his filing as a petition for post-conviction relief.  He also contends *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012), permits him to raise all of the issues asserted in superior court in an untimely post-conviction relief proceeding.

**¶2**        We grant review but deny relief.  Arizona Rule of Criminal Procedure 32.3 provides that when a defendant seeks a writ of habeas corpus in a court that has jurisdiction over him, and the defendant attacks the validity of his conviction or sentence, the court "shall" transfer the matter to the court in which the defendant was convicted and/or sentenced.  That court shall, in turn, consider the filing as a petition for post-conviction relief pursuant to Rule 32.  Ariz. R. Crim. P. 32.3.

**¶3**        Gonzalez's petition for writ of habeas corpus challenged the validity of his convictions — asserting numerous claims of error during his two trials and several claims of ineffective assistance of counsel.  As such, the superior court properly treated Gonzalez's filing as a successive petition for post-conviction relief pursuant to Rule 32.3.[1]

---

[1]        The superior court broadly stated that a defendant has no right to effective assistance of counsel in a post-conviction relief proceeding.  A defendant does have a right to effective assistance of counsel in a post-conviction "of right" proceeding.  *State v. Pruett*, 185 Ariz. 128, 131 (App. 1995).  A Rule 32 "of right" proceeding is available to "[a]ny person who pled guilty or no contest, admitted a probation violation, or whose probation was automatically violated based upon a plea of guilty or no contest."  Rule 32.1.  Because Gonzalez's convictions occurred in the context

¶4        Gonzalez's reliance on *Martinez* is unavailing.  *Martinez* held that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, __ U.S. at __, 132 S. Ct. at 1320.  The fact that a defendant may seek habeas corpus relief in federal court under certain circumstances does not mean that state courts are required to consider claims raised in untimely post-conviction proceedings.[2]

## CONCLUSION

¶5        For the reasons stated, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

of jury trials, his first post-conviction relief proceedings were not "of right" proceedings.  *Id.*

[2]        All of the issues identified in Gonzalez's petition could have been raised on direct appeal or in prior post-conviction relief proceedings and are therefore precluded.  Ariz. R. Crim. P. 32.2(a).