NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

ANTHONY VOLPE, *Petitioner*.

No. 1 CA-CR 14-0847 PRPC
FILED 3-7-2017

---

Petition for Review from the Superior Court in Maricopa County
No. CR2009-144768-002
The Honorable Lisa M. Roberts, Commissioner

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Anthony Volpe, Safford
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the court, in which Presiding Judge Kenton D. Jones and Judge Paul J. McMurdie joined.

---

**N O R R I S**, Judge:

¶1 Anthony Volpe petitions this court for review from the summary dismissal of his second petition for post-conviction relief. We grant review, but deny relief.

¶2 In 2010, Volpe pled guilty to burglary in the first degree. At his sentencing hearing, Volpe argued he could not be guilty of burglary because he was a lawful occupant of the apartment where the offense occurred ("lawful occupant defense"). He also argued his trial counsel was ineffective for failing to adequately investigate his lawful occupant defense. Accordingly, Volpe orally moved to withdraw from the plea agreement. The superior court denied Volpe's motion, and sentenced him to 15 years' imprisonment.

¶3 In his 2011 petition for post-conviction relief of-right, Volpe argued his trial counsel was ineffective, the prosecution failed to disclose material evidence, and new evidence supported his lawful occupant defense. The superior court summarily dismissed the petition. Volpe petitioned this court for review. This court granted review, but denied relief.

¶4 Volpe filed his second petition for post-conviction relief in 2014. In that petition, he argued he had additional newly discovered evidence that supported his lawful occupant defense and again argued that his trial counsel had been ineffective in failing to adequately investigate that defense. Volpe further argued counsel who initially had represented him in his petition for post-conviction relief of-right in 2011 had been ineffective when she failed to raise this same claim of ineffective assistance of trial

counsel.[1] As discussed, the superior court summarily dismissed Volpe's second petition for post-conviction relief.[2]

¶5        In his petition for review, Volpe continues to argue he has newly discovered evidence that supports his lawful occupant defense, and thus, he could not be guilty of burglary. Because, as discussed below, Volpe has failed to present any colorable claims for relief based on newly discovered evidence, the superior court properly dismissed his second petition for post-conviction relief on that ground.

¶6        For a defendant to obtain post-conviction relief based on newly discovered evidence:

> (1) the evidence must appear on its face to have existed at the time of trial but be discovered after trial;
>
> (2) the motion must allege facts from which the court could conclude the defendant was diligent in discovering the facts and bringing them to the court's attention;
>
> (3) the evidence must not simply be cumulative or impeaching;
>
> (4) the evidence must be relevant to the case;
>
> (5) the evidence must be such that it would likely have altered the verdict, finding, or sentence if known at the time of trial.

*State v. Bilke*, 162 Ariz. 51, 52-53, 781 P.2d 28, 29-30 (1989) (citation omitted).

---

[1] Volpe filed a pro se petition for post-conviction relief of-right after counsel found no colorable claims for relief.

[2] The superior court was incorrect when it broadly stated that a defendant is not entitled to effective assistance of counsel in a post-conviction relief proceeding. A defendant is entitled to effective assistance of counsel in an "of-right" post-conviction proceeding. *State v. Pruett*, 185 Ariz. 128, 131, 912 P.2d 1357, 1360 (App. 1995).

**¶7**        Volpe's "newly discovered evidence" consisted, in part, of four affidavits. Three of the affidavits were from Volpe's mother, his uncle, and Volpe himself. These affidavits are not newly discovered evidence. Further, Volpe offered no viable explanation as to why he could not have obtained these affidavits, as well as the information contained in the affidavits, for his first post-conviction proceeding. The fourth "affidavit" was from a purported leasing agent for the apartment. The "affidavit" was not signed, however, and was of no evidentiary value. As with the other three affidavits, Volpe offered no viable explanation as to why he could not have obtained this affidavit for his first post-conviction proceeding. Further, the assertions contained in the affidavits signed by Volpe, his mother, and his uncle regarding what the leasing agent allegedly said are hearsay and fail to present colorable claims for relief.

**¶8**        Volpe also attached to his second petition for post-conviction relief two additional documents—a rental application form and a receipt—which he also attached to his first petition for post-conviction relief. These documents, therefore, are not newly discovered. And, as we recognized in our decision affirming the superior court's summary dismissal of Volpe's first post-conviction proceeding, these documents failed to establish that Volpe was a lawful occupant in the apartment.

**¶9**        Volpe also argues that both his trial counsel and post-conviction relief of-right counsel were ineffective. Because Volpe failed to present any colorable claims for relief based on newly discovered evidence, he has not presented any colorable claims of ineffective assistance premised on those same claims.

**¶10**        Finally, Volpe's claim that his first post-conviction relief of-right counsel was ineffective is also untimely. Volpe did not file his second notice of post-conviction relief until ten months after this court issued its mandate denying relief in Volpe's first post-conviction proceeding. *See* Ariz. R. Crim. P. 32.4(a) (notice of proceeding must be filed within 30 days after the issuance of final order or mandate). "[C]ompliance with Rule 32 is not a mere formality." *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11, 115 P.3d 1261, 1263 (2005). A petitioner must "strictly comply" with Rule 32 to be entitled to relief. *Id.* (citation omitted).

¶11     For the foregoing reasons, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA