NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

JUAN AURELIO SANCHEZ, *Petitioner.*

No. 1 CA-CR 15-0573 PRPC
FILED 6-20-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2009-144687-001 DT
The Honorable Peter C. Reinstein, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

Juan Aurelio Sanchez, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

---

**B E E N E**, Judge:

**¶1**        Petitioner Juan Aurelio Sanchez petitions this court for review from the summary dismissal of his second notice of post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2**        A jury found Sanchez guilty of second degree murder in 2010. The trial court sentenced him to twenty-two years' imprisonment and this court affirmed his conviction and sentence on direct appeal.  The trial court summarily dismissed Sanchez's first petition for post-conviction relief in June 2014.  Sanchez did not seek review of that dismissal.

**¶3**        In May 2015, Sanchez filed his second notice of post-conviction relief and argued that his first post-conviction relief counsel was ineffective when counsel failed to provide Sanchez a copy of the minute entry that dismissed the first post-conviction relief proceeding.  Sanchez argues this failure caused him to miss the thirty-day deadline to file a timely *pro se* petition for review pursuant to Arizona Rule of Criminal Procedure 32.9(c).  The trial court summarily dismissed the notice and Sanchez now presents the same claims on review.

**¶4**        We deny relief.  Ineffective assistance of post-conviction relief counsel is not a valid claim under Rule 32 unless made against counsel who provided representation in an "of-right" post-conviction relief proceeding. *State v. Pruett*, 185 Ariz. 128, 131, 912 P.2d 1357, 1360 (App. 1995).  Because Sanchez's conviction resulted from a jury trial, Sanchez's first post-conviction relief proceeding was not an "of-right" proceeding.  Ariz. R. Crim. P. 32.1.  Further, Rule 32.1(f) allows a defendant to seek post-conviction relief if the "failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part[.]"  Ariz. R. Crim. P. 32.1(f).  Sanchez failed to file a timely petition for review, not a notice of post-conviction relief of-right or a notice of appeal.  Therefore, Rule 32.1(f) affords him no relief.

¶5          We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA