NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

JAMIE SOTO JACOTT, *Petitioner.*

No. 1 CA-CR 17-0649 PRPC
FILED 4-10-2018

Petition for Review from the Superior Court in Maricopa County
No. CR2013-419676-001
The Honorable Jeanne M. Garcia, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Gerald R. Grant
*Counsel for Respondent*

Jamie Soto Jacott, Eloy
*Petitioner*

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Peter B. Swann joined.

**B E E N E**, Judge:

¶1        Jamie Soto Jacott ("Jacott") petitions this court for review from the dismissal of his petition for post-conviction relief ("PCR") filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2        Jacott pleaded guilty to misconduct involving weapons, forgery, and resisting arrest. He also admitted to having eight prior felony convictions and to being on felony release when he committed the present offenses. At sentencing, the superior court imposed concurrent minimum terms of 10 years' imprisonment for misconduct involving weapons and forgery, and a concurrent minimum term of 5 years' imprisonment for resisting arrest.

¶3        Jacott filed a direct appeal, but the appeal was dismissed for lack of jurisdiction because Jacott had plead guilty. *State v. Jacott*, 1 CA-CR 14-0364 (Ariz. App. Jun. 13, 2014) (order). Jacott then filed an untimely PCR pursuant to Rule 32.1(f) and asserted that the failure to timely file a notice of PCR of-right was without fault on his part. The superior court granted relief and appointed counsel for Jacott, but counsel found no claims to present.

¶4        Jacott then filed a *pro se* petition and presented eleven claims: (1) the State's indictment "and its process" violated various statutes and constitutional provisions; (2) the State did not provide Jacott with timely notice of the grand jury proceedings; (3) the State improperly moved to vacate the preliminary hearing and convened the grand jury; (4) the superior court "strayed" from the plea agreement when it imposed the sentences; (5) the superior court erred when it used prior felony convictions more than 10 years old; (6) the superior court erred when it vacated the preliminary hearing; (7) through (10) ineffective assistance of trial counsel ("IAC") with resulting prejudice for "causing defendant to reject the first plea offer," failing to adequately investigate, failing to move for a mental health evaluation or examination, and giving defendant incorrect advice regarding a plea agreement; and (11) IAC of Rule 32 counsel.

¶5        The State filed its response urging the superior court to dismiss the proceeding. Jacott then filed a "Notice of Supplemental Authorities/Decisions Relating to Objection" in which he asserted that he was entitled to a review pursuant to *Anders v. California*, 386 U.S. 738 (1967). The State filed a response, and Jacott filed a reply. The court considered the

issues and found no colorable claims. The court also concluded that Jacott was not entitled to any *Anders*-type review and summarily dismissed his petition.[1] This petition for review followed.

**¶6**        The superior court dismissed the proceeding in an order that clearly identified and, except for the IAC claim against Rule 32 counsel, correctly ruled upon the issues raised. Further, the court did so in a thorough, well-reasoned manner that will allow any future court to understand the court's rulings. Under these circumstances, "[n]o useful purpose would be served by this court rehashing the trial court's correct ruling in a written decision." *State v. Whipple*, 177 Ariz. 272, 274 (App. 1993). Therefore, we adopt the superior court's ruling as to these claims.

**¶7**        With respect to Jacott's IAC claim against Rule 32 counsel, the claim was properly dismissed because the claim is premature. *See* Rule 32.1(a) and *State v. Pruett*, 185 Ariz. 128 (App. 1995). Jacott will have 30 days from the issuance of the mandate in this matter to file a PCR in which he can raise this claim.

**¶8**        We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[1]        This court recently held that pleading defendants have no right to an *Anders*-type review in post-conviction relief of-right proceedings. *State v. Chavez*, 243 Ariz. 313 (App. 2017).