NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOE FRANKLIN MULDROW, *Petitioner*.

No. 1 CA-CR 19-0084 PRPC

FILED 10-1-2019

Petition for Review from the Superior Court in Maricopa County
No.  CR2013-111024-001
CR2016-005710-002
The Honorable William R Wingard, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF GRANTED; VACATED AND
REMANDED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea L Kever
*Counsel for Respondent*

Joe Franklin Muldrow, Eloy
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Paul J. McMurdie joined.

---

**T H U M M A**, Judge:

¶1          Petitioner Joe Franklin Muldrow seeks review of the superior court's order summarily dismissing his notice of post-conviction relief. Having considered the petition for review, for the reasons stated below, this court grants review and grants Muldrow relief.

¶2          In February 2018, Muldrow pled guilty, in two separate cases, to (1) aggravated assault, a Class 4 felony with one prior felony conviction, and (2) sale or transportation of dangerous drugs, a Class 2 felony with two prior felony convictions. In March 2018, the court sentenced Muldrow for these two offenses, and two other drug convictions as a result of a jury trial in another matter (CR2016-005720-002).[1] The court sentenced Muldrow to 15.75 years in prison on the drug convictions and 4.5 years for aggravated assault, all to be served concurrently. The court informed Muldrow of his right to appeal the trial convictions and to petition for post-conviction relief regarding his guilty pleas. Muldrow stated he wished to assert those rights immediately.

¶3          Shortly after sentencing, Muldrow's attorney in these matters filed a notice of appeal in the jury convictions, asked the court to determine Muldrow's indigency so appellate counsel could be appointed and withdrew from representation. Approximately two weeks later, Muldrow filed a motion for appointment of counsel for his "post-conviction relief appeal now pending . . . pursuant to [four] case numbers," which he specifically identified as the two cases in which he pled guilty, the case that went to trial, and the direct appeal of his trial convictions.

¶4          A May 2018 order found Muldrow indigent and appointed counsel to represent him on appeal. The language of the appointment order,

---

[1] Although the jury trial case is not at issue here, this court takes judicial notice of court records in that matter. *See In re Sabino R.*, 198 Ariz. 424, 425 ¶ 4 (App. 2000).

particularly in light of subsequent events documented in the record, shows that counsel was appointed to represent Muldrow in his direct appeal but not in post-conviction proceedings, which must be brought "in the court where the defendant was convicted." Ariz. R. Crim. P. 32.4(a)(1).

**¶5** In January 2019, Muldrow filed a notice requesting post-conviction relief regarding his guilty pleas. *See* Ariz. R. Civ. P. 32. In general, for such a notice to be timely, it must be filed within 90 days after entry of judgment and sentencing. *See* Ariz. R. Crim. P. 32.4(a)(2)(C). Muldrow's notice was months after that deadline passed, and he did not check a box in the notice that it was untimely "without fault on the defendant's part." *See* Ariz. R. Crim. P. 32.1(f).

**¶6** The superior court summarily dismissed Muldrow's notice as untimely. In seeking review with this court, Muldrow maintains he asked the superior court to appoint counsel for his post-conviction proceedings and was unaware that his appellate counsel had not initiated post-conviction proceedings.

**¶7** Defendants pleading guilty are "constitutionally entitled to the effective assistance of counsel on [their] first petition for post-conviction relief, the counterpart of a direct appeal." *State v. Pruett*, 185 Ariz. 128, 131 (App. 1995)*; see also* Ariz. R. Crim. P. 32.4(b)(2). Here, Muldrow timely sought appointed counsel for his post-conviction proceedings in the two cases where he pled guilty. The superior court, however, did not appoint counsel to which Muldrow was entitled.

**¶8** For these reasons, this court grants review and grants relief. The order summarily dismissing Muldrow's notice of post-conviction relief is vacated and this matter is remanded for the appointment of counsel to represent Muldrow for Rule 32 purposes in the two cases where he pled guilty and to conduct further proceedings consistent with this decision.

